Simon T. Sutton, Administrator, Plaintiff in Error, v. City of Chicago, Defendant in Error.

### Gen. No. 20,422.

1. NEGLIGENCE, § 112*—*when negligence of driver of automobile not imputed to guest.* The negligence of the driver of an automobile cannot be imputed to one riding therein as guest of the driver.

2. NEGLIGENCE, § 191*—*when a question of fact for the jury.* In an action against a municipal corporation to recover for the death of one drowned by an automobile in which he was riding running into an open drawbridge maintained by a municipality, where the evidence shows that the deceased was one of a party of eight in the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

automobile who, including the chauffeur, had been drinking for about six hours, the question whether deceased was negligent in riding in the machine, under the circumstances, was one of fact for the jury.

3. APPEAL AND ERROR, § 1410*—*when evidence sufficient to warrant finding of drunkenness.* In an action to recover for the death of a person drowned by an automobile running into an open drawbridge, evidence examined and *held* sufficient to support a finding that deceased and other members of the party were intoxicated.

4. NEGLIGENCE, § 188*—*when evidence sufficient to show injury not result of an accident.* In an action to recover for the death of one drowned by an automobile running into an' open drawbridge, where the evidence shows that the chauffeur was so drunk that he did not know in what direction he was going, the occurrence cannot be considered an accident but rather a probable result of the conditions.

5. NEGLIGENCE, § 208*—*when instructions as to contributory negligence proper.* In an action to recover for the death of one drowned by the running into an open drawbridge of an automobile driven by a drunken chauffeur, it is not error to instruct that there would be no recovery unless the jury find that the deceased himself was guilty of no negligence contributing to the injury, and exercised ordinary care to avoid the occurrence alleged.

6. APPEAL AND ERROR, § 1523*—*when giving of instructions harmless error.* The giving of an improper instruction is not ground for reversal where such instruction is not calculated to mislead the jury.

7. APPEAL AND ERROR, § 1514*—*when reference in argument of counsel to contradictory statements not ground for reversal.* Where defendant introduces evidence of previous statements by witness for plaintiff contradicting his evidence on the stand, reference by counsel for defendant in the course of his argument to the evidence of such contradictory statements is not ground for reversal.

Error to the Superior Court of Cook county; the Hon. JOSEPH E. FITCH, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed November 1, 1915. Rehearing denied November 15, 1915.

JOHN C. KING & JAMES D'. POWER, for plaintiff in error.

M. L. PIOTROWSKI, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This is a writ of error to reverse a judgment of *nil capiat* rendered on a verdict of not guilty in an action for wrongful death.  Plaintiff's intestate was riding in an automobile, at the invitation of the driver, which ran into an open drawbridge at Torrence avenue and the Calumet River and he was drowned.  The negligence alleged was that the defendant negligently permitted the bridge to be open.

We think the evidence proves the negligence alleged, and the questions presented relate to alleged errors in procedure and to the question whether the jury might from the evidence properly find that the deceased was guilty of contributory negligence.

By invitation of Morschbacher, three men and four women set out on a "joy ride" in the machine driven by him about four o'clock in the morning.  The women were inmates of a house of prostitution at 2106 Armour avenue, and the men were chauffeurs.  They had all been drinking before starting and stopped at several places on their way to South Chicago and drank more. They stopped at two sporting houses in South Chicago, had drinks and danced and left the last one, "The Black Diamond," between five and six o'clock, intending to go back to the place from which they started, which is ten miles, or further, north of "The Black Diamond."  From the evidence the jury might properly find that they were all intoxicated when they left "The Black Diamond."  Morschbacher sat on the driver's seat with one of the women by his side.  A man and a woman sat on the swivel seats behind them. On the rear seat Kingdom sat with May Kelly on his lap and plaintiff's intestate with Margaret Atkins on his lap.  Morschbacher testified that he did not know the direction he was traveling.  When going in a westerly direction he reached Torrence avenue, and instead of turning to the right, as he must to go north, the direction which he wished to go, turned to the left and went south, away from 2106 Armour avenue.  This

brought him to the Torrence avenue bridge. The street at the bridge is seven feet higher than it is two hundred feet north. Morschbacher saw that there was a bridge ahead when he was two hundred feet from it, but he drove on up the grade until within twenty feet of the bridge, when, he testified, he first saw that it was open; that he then made every effort in his power to stop the machine, but was unable to do so and it went into the river. There was evidence that the machine, going at the rate of twelve miles an hour, as he testified it was, on the grade in question, could be stopped within less than twenty feet; and we think that the question whether he was guilty of negligence is one of fact on which the verdict must be held conclusive.

The negligence of Morschbacher cannot be imputed to the deceased; but the question presented here is whether the deceased was negligent in riding in the machine driven by Morschbacher under the facts and circumstances disclosed by the evidence. We think that this also was a question of fact on which the verdict of the jury must be held conclusive.

Here was a party of eight, who had been drinking since midnight, and, as the jury might properly find, were all drunk, so that they did not even know that they were going away from home when they wanted to go home, indulging in a "joy ride." That the machine should run into an open draw was not perhaps to be anticipated, but that a ride in an automobile under such circumstances with such a chauffeur was attended with danger to the passengers, was obvious. The occurrence was not an accident, using the word as meaning an event without apparent cause, but rather a probable result of the causes and conditions shown by the evidence.

Plaintiff in error contends that the court erred in instructing the jury that the plaintiff could not recover unless they found: "3rd. That the deceased himself was guilty of no negligence contributing to the injury

and exercised ordinary care to avoid the occurrence alleged.'' With this contention we cannot agree.

Instructions 4, 5 and 6 state the degree of care necessary to be exercised in the maintenance of the bridge. As no complaint was made as to the condition of the bridge, but only as to its operation, these instructions should not have been given; but we do not think that they were calculated to mislead the jury, or that for the giving of them the judgment should be reversed.

It is further contended that the court erred in permitting counsel for the defendant to argue to the jury the question whether the speedometer was working. Morschbacher testified that it was. Defendant introduced evidence of previous statements by Morschbacher that it was out of order and was not working. While evidence of such previous statements do not tend to prove the fact, it was admissible for the purpose of impeaching the witness only, and counsel had the right to refer to the evidence of contradictory statements of Morschbacher, and we see nothing in the argument made that warrants or requires the reversal of the judgment.

We think the record is free from reversible error, and the judgment is affirmed.

*Affirmed.*